IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                      Case Nos.:     3:08cr91/LC/EMT
                                                        3:12cv607/LC/EMT

BRIAN LAKEITH ROWE

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and supporting memorandum of law (ECF Nos. 167, 168). The Government has filed a response (ECF No. 170) and Defendant has filed a reply (ECF No. 174). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). An evidentiary hearing was scheduled on one of Defendant's claims, at which time Defendant indicated his intent to waive and abandon this claim (ECF No. 198). After a careful review of the entire record and the arguments presented with respect to the remaining claims, it is the opinion of the undersigned that Defendant's § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b).

### PROCEDURAL BACKGROUND[1]

Defendant and three others were charged in a single count indictment with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine (ECF No. 5). The conspiracy was alleged to have taken place from on or about January 1, 2006 through on or about

---

[1]Detailed statements of facts describing the offense conduct are set forth in the Second Final Presentence Investigation Report (ECF No. 117) and will be set forth herein only as necessary.

August 15, 2008 (*id.*). Although the indictment was returned in September of 2008, Defendant was not arrested and brought before this court until June of 2010 (ECF Nos. 85, 88). Defendant proceeded to trial represented by appointed counsel Thomas McGuire, III. The jury convicted Defendant as charged, and specifically found that the conspiracy involved five kilograms or more of cocaine (ECF No. 107 at 2).

Defendant was held accountable for a total of 78.5 kilograms of cocaine, an amount derived from the testimony of cooperating co-defendants and Rule 11 proffers (ECF No. 117, PSR ¶¶ 30–31).[2] His base offense level was 36. The PSR reflects a two-level adjustment for possession of a dangerous weapon, a two-level adjustment for Defendant's leadership role in the offense, and a two-level adjustment for obstruction of justice (PSR ¶¶ 40, 42, 43). Defendant's total offense level was 42 (PSR ¶ 48). Defendant had no prior criminal history, and as such his criminal history category was I. The applicable guidelines range was 360 months to life (PSR ¶ 77).

Defendant objected to the quantity of drugs attributed to him, arguing that one of the witnesses had inflated the amount of cocaine attributable to him, and that he should actually be held accountable for less than 50 kilograms of cocaine (PSR ¶¶ 103–106). The court continued sentencing in order to afford the parties the opportunity to review trial testimony relevant to the issue of quantity, but ultimately overruled the objection (ECF Nos. 116, 119, 121–123, 195; ECF No. 143 at 10). It sentenced Defendant at the low end of the applicable guidelines range to a term of 360 months imprisonment (ECF No. 126).

Defendant appealed, claiming that the district court erred in failing to grant his challenge to the Government's peremptory strikes of two black venire members pursuant to Batson v. Kentucky, 476 U.S. 79 (1986) (ECF No. 164). The Eleventh Circuit found no reversible error and affirmed (*id.* at 7). The Supreme Court denied certiorari on January 31, 2012 (ECF No. 166), and the instant motion was timely filed on December 7, 2012 (ECF No. 167 at 13).

In the present motion, Defendant raises claims of ineffective assistance of counsel and district court error, as well as a claim based on an intervening Supreme Court decision. The

---

[2]The PSR went through several revisions (*see* docs. 114, 115, 117). Citations to the PSR are to the latest version of the document, which is identified in the electronic record as the "Second Final Presentence Investigation Report" (doc. 117).

Government opposed Defendant's motion, but requested an evidentiary hearing on one of his claims, which Defendant subsequently waived.[3] Discussion of each of Defendant's remaining claims follows.

LEGAL ANALYSIS

<u>General Standard of Review</u>

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); <u>McKay v. United States</u>, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

---

[3]As noted above, the court scheduled an evidentiary hearing on Ground Four of Defendant's motion, in which Defendant contended that counsel failure to properly communicate plea offers to him. Prior to the hearing, the Government filed as exhibits an affidavit and a supplemental affidavit from Defendant's former attorney Thomas F. McGuire III in response to Defendant's allegations (ECF No. 196 at 3–6, 18–23). Neither affidavit was filed with the Government's response to Defendant's § 2255 motion, although they appear to have been signed in 2013 (ECF No. 196 at 6, 23). On the day of the scheduled hearing, the defense presented the court with a waiver signed by both Defendant and Assistant Federal Public Defender Randall Lockhart, who had been appointed to represent Defendant for the purpose of this hearing (ECF No. 198). The waiver indicated Defendant's intent not to pursue Ground Four of his § 2255 motion. After reviewing the contents of this waiver, the undersigned questioned Defendant on the record to be sure that it was, in fact, his intent to waive this claim. After doing so, the court was satisfied that the waiver reflected Defendant's intent. Before adjourning, the court advised Defendant that waiver or withdrawal of Ground Four of his motion would have no impact on its consideration of his remaining claims.

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. Nyhuis, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. See Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003); see also United States v. Franklin, 694 F.3d 1, 8 (11th Cir. 2012). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and

reasonable professional norm and that he was prejudiced by this inadequacy.  Strickland v. Washington, 466 U.S. 668, 686 (1984); Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013).  The Sixth Amendment right to the effective assistance of counsel extends specifically "to the negotiation and consideration of plea offers that lapse or are rejected."  In re Perez, 682 F.3d 930, 932 (11th Cir.2012) (citations omitted).  A defendant who claims that ineffective advice led him to reject a plea offer must show that but for ineffective assistance of counsel, he would have accepted the plea, and that the conviction or sentence or both under the terms of the plea offer would have been less severe than under the judgement and sentence that were imposed.  Ladler v. Cooper, 132 S.Ct. 1376, 1385 (2012).  A defendant's insistence that he is innocent is a "relevant consideration" that "makes it more difficult to accept his claim" that he would have agreed to a plea deal.  See Osley v. United States, 751 F.3d 1214, 1224–25 (11th Cir. 2014).  In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.  Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir.2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; see also Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007).  Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."  Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); see also Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").  Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.  Strickland, 466 U.S. at 689.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  Gordon v. United States, 518 F.3d 1291,

1301 (11th Cir. 2008) (citations omitted); <u>Chandler</u>, 218 F.3d at 1315. When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." <u>Chandler</u>, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. <u>Strickland</u>, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." <u>Harrington v. Richter</u>, 562 U.S. 86, 112 (2011) (quoting <u>Strickland</u>). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369–70 (1993); <u>Allen v. Sec'y, Fla. Dep't of Corr.</u>, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Lockhart</u>, 506 U.S. at 369 (quoting <u>Strickland</u>, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. <u>Glover v. United States</u>, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." <u>Id.</u> at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. <u>Smith v. White</u>, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the <u>Strickland</u> test. <i>See</i> <u>Boyd v. Comm'r, Ala. Dep't of Corr.</u>, 697 F.3d 1320, 1333–34 (11th Cir. 2012); <u>Garcia v. United States</u>, 456 F. App'x 804, 807 (11th Cir. 2012) (citing <u>Yeck v. Goodwin</u>, 985 F.2d 538, 542 (11th Cir. 1993)); <u>Wilson v. United States</u>, 962 F.2d 996, 998 (11th Cir. 1992); <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559 (11th Cir. 1991); <u>Stano v. Dugger</u>, 901 F.2d 898, 899 (11th Cir. 1990) (citing <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." <u>Chandler</u>, 218 F.3d at 1313. This is because the test is not what the best lawyers would

have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); Rosin v. United States, 786 F.3d 873 (11th Cir. 2015); Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. Gordon, 518 F.3d at 1301 (citing Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true would prove he is entitled to relief. *See* Hernandez v. United States, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See* Winthrop–Redin v. United States, 767 F .3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are ... based upon unsupported generalizations") (internal quotation marks omitted); Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. Lynn, 365 F.3d at 1239. The fact that a hearing may be scheduled on one of the issues raised in a § 2255 motion, as it was in this case, does not

mean that every issue warrants a hearing; disputes involving purely legal issues or that do not require further development can be resolved by the court without a hearing.

Grounds One and Two

In his first two grounds for relief, Defendant contends that counsel was constitutionally ineffective because of his failure to "perfect" a direct appeal (ECF No. 167 at 4, 5). Defendant's claim is not that counsel did not file an appeal, but rather than counsel did not raise the issues Defendant purportedly wanted him to raise. Defendant states that he requested that counsel argue that his sentence was procedurally and substantively unreasonable, an issue that is separately raised as a substantive claim in Ground Two.

Due process of law requires that a defendant receive effective assistance of appellate counsel on his direct appeal. Evitts v. Lucey, 469 U.S. 387, 396 (1985). To prevail on a claim for ineffective assistance of appellate counsel, a defendant must show that (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal. Shere v. Sec'y Fla. Dep't of Corr., 537 F.3d 1304, 1310 (11th Cir. 2008); see Philmore v. McNeil, 575 F.3d 1251, 1264 (11th Cir.2009) (holding that claims for ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under Strickland v. Washington, 466 U.S. 668, 687 (1984)). To determine whether defense counsel rendered ineffective assistance by failing to raise certain issues on appeal, the court may consider the merits of the issues the defendant alleges counsel was derelict in not raising on appeal. Miller v. Dugger, 858 F.2d 1536, 1538 (11th Cir. 1988); Reutter v. Secretary for Dept. of Corrections, 232 F. App'x 914, 917 (11th Cir. 2007) (determining that counsel's decision not to raise a particular argument on appeal, in light of his having raised several important claims, was likely a strategic decision to "winnow out weaker arguments"). Of course, appellate counsel is not ineffective for failing to raise claims that are reasonably considered to be without merit. Brown v. United States, 720 F.3d 1316, 1335 (11th Cir. 2013); Shere, 537 F.3d at 1311; United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (citing Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984).

Defendant asserts that counsel was constitutionally ineffective because he did not argue on appeal that Defendant's sentence was procedurally and substantively unreasonable. When a sentence is subject to review on appeal, a sentence that falls within the guidelines range is presumed

to be reasonable, and deference is afforded to the sentencing court's decision.  *See* United States v. Irey, 612 F.3d 1160, 1187 (11th Cir.2010) (en banc); Pugh, 515 F.3d at1191; citing Gall v. United States, 552 U.S. 38, 51 (2007).  "A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence."  United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir.2008) (per curiam) (citing Gall, 552 U.S. at 51).  A sentence is substantively unreasonable if, after affording due deference to the sentencing court, the reviewing court determines that the lower court "has weighed the [§ 3553] factors in a manner that demonstrably yields an unreasonable sentence" and it is "left with a definite and firm conviction that the district court committed a clear error of judgment ... by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (citing United States v. McBride, 511 F.3d 1293, 1297–98 (11th Cir. 2007); United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007)).

Defendant's argument is based on his assertions that the district court's adoption of the PSR was unsupported by the jury's verdict, that the court was required to make individualized findings, and that his sentence was higher than that of his co-defendants, who all had prior criminal histories (ECF No. 168 at 12, 16).

As noted above, the district court continued sentencing so that counsel for both parties could review excerpts of the trial transcripts that were pertinent to the issue of drug quantity and make cogent argument on the subject (*see* ECF No. 195).  At the final sentencing proceeding, after hearing argument from counsel, the court overruled Defendant's objection to drug quantity stating that the quantity involved in the offense conduct was "clearly over 50 kilograms" (ECF No. 143 at 2–10).[4] Defendant and his attorney both addressed the court in mitigation.  Counsel requested a low or below guidelines sentence and Defendant asked for mercy, stating that he had been trying to make better and more righteous decisions in his life (*id*. at 10–12).  The court stated that it determined that

---

[4]Counsel states in his affidavit that he found no good faith basis to object to the leadership classification (ECF No. 196 at 6).

the PSR was accurate and that it had considered the findings therein as well as all the factors in 18 U.S.C. § 3553(a) and the advisory guidelines in fashioning Defendant's 360 month sentence (*id*. at 13–14). As such, the district court's basis for its sentence was sufficient to permit "meaningful appellate review," and therefore it was procedurally reasonable. *See* United States v. Livesay, 525 F.3d 1081, 1090 (11th Cir. 2008) (quoting Gall, 552 U.S. at 50); United States v. Rivero, Case No. 14-10121, 2015 WL 1542684, at *3 (11th Cir. Apr. 8, 2015); United States v. Mendez-Tomas, 441 F. App'x 678 (11th Cir. 2011).

Next, despite Defendant's belief to the contrary, his sentence cannot be directly compared to that of his indicted coconspirators, as they were not similarly situated. Most significantly, a defendant who pleads guilty will typically receive a three level adjustment for acceptance of responsibility. Such a defendant may inure further significant benefit if he cooperates with the Government, whether before or after sentencing. In this case, Defendant not only proceeded to trial, but he denied his involvement in the offense conduct under oath, and at sentencing acknowledged only that he "[did not] make good decisions for [himself]" by associating with certain individuals; he never accepted responsibility for or indicated any regret for his involvement in the charged criminal activity (ECF No. 143 at 11–13).[5] Considering the totality of the circumstances, Defendant's sentence was not substantively unreasonable. *See* Gall, 552 U.S. at 50–51; Rivero, 2015 WL 1542684, at *3. Therefore, counsel was not constitutionally ineffective for his failure to pursue this non-meritorious issue on appeal.

In Defendant's memorandum, he further asserts as part of Ground One that he requested that counsel raise "sentencing issues under Apprendi [v. New Jersey, 530 U.S. 466 (2000)]" and Booker v. United States, 543 U.S. 220 (2005) on appeal (ECF No. 168 at 6). Defendant claims that counsel should have argued that the jury's verdict did not support the district court's finding with respect to drug quantity or Defendant's role in the conspiracy under this precedent, and that the judicially determined facts enhanced Defendant's sentence beyond what was authorized by the jury verdict alone.

---

[5]The court notes that in his reply memorandum, despite his earlier denials, Defendant admits his involvement in the conspiracy, stating "[he] had withdrew (sic) from the conspiracy earlier and had begun to reconstruct his life..." (ECF No. 174 at 13).

The Supreme Court held in <u>Apprendi</u>, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In <u>Booker</u>, the Supreme Court reaffirmed its holding in <u>Apprendi</u>, while also clarifying that the "statutory maximum" for <u>Apprendi</u> purposes "is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. <u>Booker</u>, 543 U.S. at 231. Otherwise stated, upon the jury's finding of guilt, Defendant may be sentenced up to the maximum sentence authorized under the United States Code without additional findings beyond a reasonable doubt.

Defendant was charged with and convicted of a violation of 21 U.S.C. § 841(b)(1)(A)(ii) (ECF Nos. 3, 107). A person convicted with a violation of this section shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life. 21 U.S.C. § 841(b)(1)(A). Defendant's 360 month sentence, calculated based on judge-found facts, was within this range. As such, there was no <u>Apprendi</u> error, and counsel cannot be deemed constitutionally ineffective for his failure to raise this claim on appeal.[6] Defendant is not entitled to relief.

<u>Ground Three</u>

Defendant next contends that the district court failed to give a clear ruling on the three steps of his <u>Batson</u> challenge during jury selection, relying on <u>United States v. McAllister</u>, 693 F.3d 572 (6th Cir. 2012). Alternatively, he argues that counsel was constitutionally ineffective for failing to fully develop this challenge.

On appeal, Defendant's lone ground for relief was that the district court erred in overruling his challenge to the Government's peremptory strikes of two black venire members (ECF No. 164). As noted by the Eleventh Circuit, <u>Batson</u> established a three-step, burden-shifting inquiry to evaluate equal protection challenges to a prosecutor's use of peremptory challenges (*id.* at 4); *see also* <u>McGahee v. Ala. Dep't of Corr.</u>, 560 F.3d 1252, 1256 (11th Cir.2009). The test is as follows:

> First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race; second, if that showing has been made, the

---

[6]Counsel denies in his affidavit that Defendant ever asked him to raise an <u>Apprendi</u> claim on appeal (ECF No. 196 at 5–6).

prosecution must offer a race-neutral basis for striking the juror in question; and third, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination.

(Doc. 164 at 4 (*quoting* Snyder v. Louisiana, 552 U.S. 472, 476 (2008)). "[F]ailure to address each of Batson's steps creates the risk of serious constitutional error." Atwater v. Crosby, 451 F.3d 799, 807 (11th Cir. 2006); Purkett v. Elem, 514 U.S. 765, 768 (1995).

Defendant's first Batson challenge was to a woman whom the prosecution claimed "appeared completely disinterested." The appellate court noted that Defendant had not argued that this proffered reason was false or applied to any of the white venire members (*see* ECF No. 164 at 6). The Government had used a second peremptory challenge on a black woman who stated that her son had been charged with a crime and the charges had been dismissed. The Eleventh Circuit rejected Defendant's comparability analysis, finding that the situation of the white venire member with whom he attempted to compare the stricken venire member was not actually comparable, and noting, more significantly, that another white venire member whose situation was more closely analogous to the stricken black venire member was also stricken (ECF No. 164 at 6–7). This analysis provided the "side-by-side comparison" of black venire panelists who were struck and white panelists who were allowed to serve referenced by the Court in Miller-El v. Dretke, 545 U.S. 231, 241 (2005).

Substantively, to the extent Defendant challenges the manner in which the district court ruled on his Batson challenges, as well as the rulings themselves, his claims are procedurally barred, because they either were, or could have been, litigated on direct appeal. Rozier, 701 F.3d at 684; Nyhuis, 211 F.3d at 1343. Defendant's attempt to circumvent the procedural bar through an ineffective assistance of counsel claim is also unavailing, as he cannot show prejudice. In light of the Eleventh Circuit's merits-analysis of the substance of his Batson claim, Defendant cannot show that the district court's failure to make an express ruling on the third portion of the Batson analysis was prejudicial to him. *See* United States v. Edouard, 485 F.3d 1324 (11th Cir. 2007); Epps v. United States, Case Nos. 2:12-CV-13-RWS-JCF; 2:06-CR-28-RWS-JCF-1, 2013 WL 1490979 (N.D. Ga. Feb. 12, 2013). Likewise, Defendant has not shown what additional facts counsel could or should have developed that would have altered either the district court's ruling or the result on appeal. Therefore, no relief is warranted on this claim.

Supplemental Claim

Defendant filed a pleading titled "Motion as per Fed. R. Civ. P. 7(b)(2), 10(a)" (ECF No. 176) in which he contends that he is entitled to relief under Alleyne v. United States, 133 S.Ct. 2151 (2013). In Apprendi v. New Jersey, the Supreme Court held that a fact, other than a prior conviction, that increases the maximum penalty for a crime is an element of the crime that must be submitted to a jury. 530 U.S. at 490–91. In Alleyne, the Supreme Court extended the holding in Apprendi to facts, other than a prior conviction, that increase the mandatory minimum prescribed by a statute, while recognizing that such facts are distinct from the fact-finding that guides judicial discretion in selecting a punishment within limits fixed by law. Alleyne, 133 S.Ct. at 2161 & n. 2. Even if Alleyne were applicable to the facts of Defendant's case, it is not retroactively applicable on collateral review. See Jeanty v. Warden, FCI Miami, 757 F.3d 1283, 1285 (11th Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); see also King v. United States, 610 F. App'x 825 (11th Cir. 2015). Therefore, Defendant is not entitled to relief on the supplemental claim contained within his motion.

Conclusion

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Therefore Defendant's motion should be denied in its entirety.

**Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly it is **ORDERED**:

Defendant's "Motion as per Fed.R.Civ.P. 7(b)(2), 10(a)" (ECF No. 176) is **GRANTED** to the extent the court has considered the merits of the supplemental claim raised therein.

And based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 167), as supplemented (ECF No. 176) be **DENIED**.

2. A certificate of appealability be **DENIED**.

**DONE AND ORDERED** this 6<u>th</u> day of November 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**